IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ALLUMS,<br><br>          Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>          Defendant. | Case No.: 13-cv-00807 JSC<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND (Dkt. No. 29)** |

Plaintiff Dennis Allums, proceeding pro se and *in forma pauperis*, brings a series of claims against the Department of Homeland Security ("DHS"). (*See* Dkt. Nos. 1 & 29.) The Court previously granted Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 13), and dismissed the original Complaint pursuant to this Court's review under 28 U.S.C. § 1915 (Dkt. No. 23.) Presently before the Court is Plaintiff's Amended Complaint, in which he alleges many of the same insufficient claims that this Court previously dismissed. (Dkt. No. 29.) Because Plaintiff again fails to allege a set of facts supporting any of his claims against DHS, the Court DISMISSES his Amended Complaint without leave to amend.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. "Subject matter jurisdiction can never be

forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 976 (9th Cir. 2012) (internal quotation marks and citation omitted). For the Court to exercise proper subject matter jurisdiction over an action, the parties must have standing. *Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 n.11 (9th Cir. 1980); *see also Warth v. Seldin*, 422 U.S. 490, 517-18 (1975) ("The rules of standing . . . are threshold determinants of the propriety of judicial intervention. It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."). "[T]he standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify the exercise of the court's remedial powers on his behalf." *Warth*, 422 U.S. at 498–99 (internal quotation marks omitted).

Even if a plaintiff adequately alleges standing, a complaint may still be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. A complaint fails to state a claim upon which relief may be granted if the plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, a court should dismiss a complaint for failure to state a claim if, taking all factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 662; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (internal quotation marks omitted).

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding *in forma pauperis* if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams,*

2

1   490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal
2   conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). Upon dismissal,
3   pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless
4   it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."
5   *Franklin v. Murphy*, 745 F. 2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks
6   omitted); *Lopez v. Smith,* 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Balistreri v. Pacifica Police
7   Dep't*, 901 F.2d 696, 701 (9th Cir. 1988); *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d
8   787, 790 (9th Cir. 1963); 3 Moore, Federal Practice, § 15.10 at 838 (2d ed. 1948).

## DISCUSSION

In a detailed 10-page Order, this Court previously dismissed all of Plaintiff's claims with leave to amend, concluding that Plaintiff "ha[d] improperly made claims on behalf of others, failed to plead DHS' liability for the wrongdoing of non-parties, and described factual allegations that [we]re wholly incredible and unsupported by factual assertions." (Dkt. No. 23 at 10.) Although the Court's Order informs Plaintiff of the deficiencies of his claims, Plaintiff's Amended Complaint largely repeats much of the same insufficient facts and legal conclusions.[1] For instance, Plaintiff continues to fail to allege a basis for third-party standing that would allow him to bring claims on behalf of others where there is no indication that those third-parties are in any way hindered in bringing their own claims. *See Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004).

Moreover, Plaintiff's claims, and DHS' liability, continue to be based on fanciful allegations regarding Plaintiff's prediction of the 2008 financial crisis and September 11, 2001 conspiracy theories. (*See, e.g.*, Dkt. No. 29 at 26 ("Mr. Allums blew the whistle on a group of economic terrorists, based in the U.S. including Politicians [sic] as well as businessmen who were planning to collapse the U.S. economy . . . . It is believed that Agents, knowing this to indeed would occur [sic], intensified physical and emotional harassment[,] making a would be Hero [sic] a permanent villain.").) Plaintiff's remaining allegations supporting his claims fail because they are conclusory. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds for his entitlement

---

[1] Plaintiff's Amended Complaint is also untimely. The Court ordered Plaintiff to file any Amended Complaint by September 13, 2013; Plaintiff, however, did not file his Amended Complaint until September 25, 2013. Plaintiff provides no explanation for the delay.

3

to relief requires more than labels and conclusions."); (*see also* Dkt. No. 23 at 9 ("Plaintiff's Complaint does not adequately allege a connection between the conduct of the non-parties and Defendant's allegedly harassing and abusive actions.")).

## CONCLUSION

For the reasons stated above, the Court DISMISSES Plaintiff's Amended Complaint.

The Ninth Circuit has interpreted Rule 15(b) to require a district court to "grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Particularly in the case of pro se litigants, "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (internal quotation marks omitted).

However, "leave to amend may be denied if it appears to be futile or legally insufficient." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." *Klamath–Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir.); *see also Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

The Court concludes that any further amendment would be futile and therefore dismisses Plaintiff's Amended Complaint without leave to amend. Although this Court closely examined Plaintiff's original Complaint and explained its deficiencies in a 10-page Order, Plaintiff's Amended Complaint fails to cure any of those deficiencies. Moreover, any amendment is very likely to be futile considering Plaintiff's insistence on basing his claims on factually unsupported, wholly incredible government-wide conspiracies.

The Clerk is ordered to close this case.

**IT IS SO ORDERED.**

Dated: October 31, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

4