1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   DENNIS ALLUMS,                          Case No.: 13-cv-00807 JSC

11              Plaintiff,                   **ORDER DISMISSING AMENDED**
                                             **COMPLAINT WITHOUT LEAVE TO**
12        v.                                 **AMEND (Dkt. No. 29)**

13

14   DEPARTMENT OF HOMELAND
     SECURITY,
15

16              Defendant.

17

18        Plaintiff Dennis Allums, proceeding pro se and *in forma pauperis*, brings a series of claims

19   against the Department of Homeland Security ("DHS").  (*See* Dkt. Nos. 1 & 29.)  The Court

20   previously granted Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 13), and dismissed

21   the original Complaint pursuant to this Court's review under 28 U.S.C. § 1915 (Dkt. No. 23.)

22   Presently before the Court is Plaintiff's Amended Complaint, in which he alleges many of the same

23   insufficient claims that this Court previously dismissed.  (Dkt. No. 29.)  Because Plaintiff again fails

24   to allege a set of facts supporting any of his claims against DHS, the Court DISMISSES his

25   Amended Complaint without leave to amend.

26                              **LEGAL STANDARD**

27        Pursuant to Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss an action

28   if it lacks jurisdiction over the subject matter of the suit.  "Subject matter jurisdiction can never be

United States District Court
Northern District of California

United States District Court
Northern District of California

1   forfeited or waived and federal courts have a continuing independent obligation to determine

2   whether subject-matter jurisdiction exists."  *Leeson v. Transamerica Disability Income Plan*, 671

3   F.3d 969, 976 (9th Cir. 2012) (internal quotation marks and citation omitted).  For the Court to

4   exercise proper subject matter jurisdiction over an action, the parties must have standing.  *Nat'l*

5   *Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 n.11 (9th Cir. 1980); *see also Warth v. Seldin*, 422 U.S.

6   490, 517-18 (1975) ("The rules of standing . . . are threshold determinants of the propriety of judicial

7   intervention. It is the responsibility of the complainant clearly to allege facts demonstrating that he is

8   a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial

9   powers.").  "[T]he standing question is whether the plaintiff has alleged such a personal stake in the

10  outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify

11  the exercise of the court's remedial powers on his behalf."  *Warth*, 422 U.S. at 498–99 (internal

12  quotation marks omitted).

13       Even if a plaintiff adequately alleges standing, a complaint may still be dismissed under

14  Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  A complaint fails to state a

15  claim upon which relief may be granted if the plaintiff fails to allege the "grounds" of his

16  "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must

17  plead "factual content that allows the court to draw the reasonable inference that the defendant is

18  liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Additionally, a

19  court should dismiss a complaint for failure to state a claim if, taking all factual allegations as true, it

20  does not contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 662; *see*

21  *also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010).  "A claim has facial

22  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

23  inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty.*

24  *Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (internal quotation marks omitted).

25       Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party

26  is proceeding *in forma pauperis* if the Court determines that the action is (1) frivolous or malicious;

27  (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a

28  defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*,

490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").  Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F. 2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith,* 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988); *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); 3 Moore, Federal Practice, § 15.10 at 838 (2d ed. 1948).

## DISCUSSION

In a detailed 10-page Order, this Court previously dismissed all of Plaintiff's claims with leave to amend, concluding that Plaintiff "ha[d] improperly made claims on behalf of others, failed to plead DHS' liability for the wrongdoing of non-parties, and described factual allegations that [we]re wholly incredible and unsupported by factual assertions."  (Dkt. No. 23 at 10.)  Although the Court's Order informs Plaintiff of the deficiencies of his claims, Plaintiff's Amended Complaint largely repeats much of the same insufficient facts and legal conclusions.[1]  For instance, Plaintiff continues to fail to allege a basis for third-party standing that would allow him to bring claims on behalf of others where there is no indication that those third-parties are in any way hindered in bringing their own claims.  *See Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004).

Moreover, Plaintiff's claims, and DHS' liability, continue to be based on fanciful allegations regarding Plaintiff's prediction of the 2008 financial crisis and September 11, 2001 conspiracy theories.  (*See, e.g.*, Dkt. No. 29 at 26 ("Mr. Allums blew the whistle on a group of economic terrorists, based in the U.S. including Politicians [sic] as well as businessmen who were planning to collapse the U.S. economy . . . .  It is believed that Agents, knowing this to indeed would occur [sic], intensified physical and emotional harassment[,] making a would be Hero [sic] a permanent villain.").)  Plaintiff's remaining allegations supporting his claims fail because they are conclusory. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds for his entitlement

---

[1]  Plaintiff's Amended Complaint is also untimely.  The Court ordered Plaintiff to file any Amended Complaint by September 13, 2013; Plaintiff, however, did not file his Amended Complaint until September 25, 2013.  Plaintiff provides no explanation for the delay.

United States District Court
Northern District of California

1  to relief requires more than labels and conclusions."); (*see also* Dkt. No. 23 at 9 ("Plaintiff's

2  Complaint does not adequately allege a connection between the conduct of the non-parties and

3  Defendant's allegedly harassing and abusive actions.")).

## CONCLUSION

5      For the reasons stated above, the Court DISMISSES Plaintiff's Amended Complaint.

6      The Ninth Circuit has interpreted Rule 15(b) to require a district court to "grant leave to

7  amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other

8  facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122,

9  1127 (9th Cir. 2000).  Particularly in the case of pro se litigants, "leave to amend should be granted if

10  it appears at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't*,

11  901 F.2d 696, 701 (9th Cir. 1988) (internal quotation marks omitted).

12      However, "leave to amend may be denied if it appears to be futile or legally insufficient."

13  *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).  "It is not an abuse of

14  discretion to deny leave to amend when any proposed amendment would be futile." *Klamath–Lake*

15  *Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir.); *see also*

16  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

17      The Court concludes that any further amendment would be futile and therefore dismisses

18  Plaintiff's Amended Complaint without leave to amend.  Although this Court closely examined

19  Plaintiff's original Complaint and explained its deficiencies in a 10-page Order, Plaintiff's Amended

20  Complaint fails to cure any of those deficiencies.  Moreover, any amendment is very likely to be futile

21  considering Plaintiff's insistence on basing his claims on factually unsupported, wholly incredible

22  government-wide conspiracies.

23      The Clerk is ordered to close this case.

24      **IT IS SO ORDERED.**

26  Dated:  October 31, 2013

27  _____
    JACQUELINE SCOTT CORLEY

28  UNITED STATES MAGISTRATE JUDGE

4